**SO ORDERED.**

**SIGNED this 19 day of May, 2011.**



_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE
_____

OPINION DESIGNATED FOR ONLINE PUBLICATION
BUT NOT PRINT PUBLICATION

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re: | ) |
| | ) |
| MICHAEL JOHN SPRESSER and | ) Case No. 08-41067-12 |
| LINDA LOUISE SPRESSER, | ) |
| | ) |
| Debtors. | ) |
| | ) |

### MEMORANDUM OPINION AND ORDER GRANTING
### TRUSTEE'S MOTION TO DISBURSE UNSECURED FUNDS

This matter is before the Court on the Trustee's Motion to Disburse Unsecured Funds.[1] Creditor First State Bank (FSB) has objected to this motion on the basis that it does not provide for payment of FSB's unsecured claim, which it contends should be allowed under the informal proof of claim doctrine. This matter constitutes a core proceedings over which the Court has jurisdiction and authority to enter a final order.[2]

---
[1] Doc. 111.

[2] *See* 28 U.S.C. § 157(b)(2)(A) and (B) (core proceedings) and § 157(b)(1) (authority to hear core proceedings).

## I. FINDINGS OF FACT

The facts in this case are not in dispute, and have been set forth by the parties in a Stipulation of Facts,[3] which the Court adopts. Debtors filed their Chapter 12 petition on July 30, 2008. Debtors listed FSB as a secured creditor on their bankruptcy schedules, but did not list the amount of the claim or the value of the security for the claim.

The Notice of Commencement of Case issued by the Court reflected a Proof of Claim deadline of November 24, 2008.[4] FSB received a copy of this Notice and Official Form 10 (Proof of Claim form), which were mailed by the Bankruptcy Noticing Center on August 3, 2008. Therefore, FSB had actual notice of the claims deadline, or bar date. Despite receiving this notice and being listed as a creditor in the bankruptcy schedules, FSB never filed a formal Proof Claim.[5]

Debtors filed their original plan[6] on October 7, 2008. FSB was identified and treated as a secured creditor in Class 3 of the Plan, and as an unsecured creditor in Class 6 of the Plan. All creditors listed on the Debtors' matrix, including FSB, received a copy of this plan.

Two days later, FSB filed an objection to Debtors' exemptions[7] and a Motion for Relief from Stay.[8] In the stay relief motion, FSB indicted it had a claim of $551,477 secured by certain property, and it sought to foreclose its interest in that property. An agreed Order granting relief to FSB was

---

[3] Doc. 118.

[4] Doc. 6.

[5] The Court notes that the typical fact pattern in similar cases is as follows: the creditor fails to timely file a formal proof of claim, but then files a proof of claim which it then seeks to relate back to the date of its "informal proof of claim." That theory is tested further here because FSB has simply elected to never file a proof of claim.

[6] Doc. 31.

[7] Doc. 37.

[8] Doc. 36.

2

entered November 5, 2008,[9] and the order allowed FSB to proceed to foreclose its security interests in that property.

On November 24, 2008, FSB filed an Adversary Complaint objecting to the discharge of its claim against Debtor Michael Spresser pursuant to 11 U.S.C. § 1228(a)(2) and § 523(a)(2)(B).[10] On January 27, 2009, the Court entered a Stipulation and Order Confirming Debtors' Chapter 12 Plan.[11] The Chapter 12 Trustee, Debtors, and FSB had approved the Plan. The agreement between the parties called for certain items of property to be abandoned to FSB to resolve its objection to confirmation.

Debtor and FSB then settled the adversary proceeding, with an agreement that $25,000 of FSB's debt was deemed nondischargeable. Their Settlement Agreement, which was filed with the Court on April 9, 2009, provided, with regard to the Debtors' Chapter 12 Plan, as follows:

> the amount payable hereunder shall be considered a secured claim of FSB and the principal amount payable to FSB by Spresser shall survive discharge entered in Spresser's currently pending Chapter 12 Bankruptcy action or any subsequently filed action, and said amount shall be deducted from the amount otherwise due and owing to FSB in determining the extent to which FSB participates as a general unsecured creditor under Class VI of Spresser's confirmed Chapter 12 Plan.[12]

The Court approved that Settlement Agreement with an Order Approving the Joint Motion of Debtor and the Bank to Approve Compromise and Settlement,[13] entered May 7, 2009.

---

[9] Doc. 58.

[10] All future statutory references are to the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. §§ 101 - 1532 (2005), unless otherwise specifically noted.

[11] Doc. 71.

[12] Doc. 76, Exhibit 1.

[13] Doc. 81.

On December 14, 2010, the Trustee filed a Notice to Secured Creditors of Trustee's Intent to Disburse Funds to Allowed Unsecured Claims pursuant to D. Kan. LBR 3001.1(d).[14] This notice allowed any claimant who had originally filed a secured proof of claim to amend its claim by January 4, 2011 "to reflect any deficiency that may exist."

Due to the fact that FSB had never filed any claim, the Trustee's Notice was not mailed to FSB. However, because FSB had been actively participating in the bankruptcy, its counsel received an electronic copy of the Notice via the Court's Electronic Case Filing (ECF) system.

Notwithstanding this notice, FSB did not file a proof of claim in response. Based on the claims filed, the Trustee then filed a Motion to Disburse Unsecured Funds[15] on January 27, 2011. FSB timely objected to that motion on the basis that the motion had omitted its unsecured claim.[16]

Finally, the parties have stipulated that because FSB now belatedly claims it has an unsecured claim of $452,368.12, by far the largest claim, the recovery of the other, timely filed, unsecured claimants would be significantly diluted if FSB's belated claim is allowed. The Trustee's statutory fee would remain unchanged. A chart of the distribution differences is below:

| Claim No. | Claimant | Claim Amount | Dividend without FSB | Dividend with FSB |
|---|---|---|---|---|
| 1 | Discover Bank | $ 9,890.86 | $ 5,451.21 | $1,168.53 |
| 2 | Ivesco Holdings, LLC | 1,133.53 | 624.73 | 133.92 |
| 3 | Ener Bank USA | 8,890.22 | 4,899.72 | 1,050.31 |
| 4 | Tri-State Carriers, Inc. | 2,840.50 | 1,565.50 | 335.58 |

---

[14] Doc. 110.

[15] Doc. 111.

[16] Doc. 113.

4

| | | | | |
|---|---|---|---|---|
| 5 | Darlings Nutrition Co. | 5,807.43 | 3,200.69 | 686.10 |
| 6 | Golden Plains Credit Union | 12,833.19 | 7,072.84 | 1,516.14 |
| 7 | Roundup Funding, L.L.C. | 965.52 | 531.04 | 113.84 |
| 8 | Roundup Funding, L.L.C. | 4,337.17 | 2,390.37 | 512.40 |
| 9 | Diversified Financial Services | 60,076.87 | 33,110.55 | 7,097.62 |
| 10 | Western Kansas Farm Credit FLCA | Secured | No dividend | No dividend |
| 11 | First National Equipment Financing, Inc. | Amended by Claim 14 | No dividend | No dividend |
| 12 | eCast Settlement Corp. | 1,185.43 | 653.33 | 140.05 |
| 13 | FIA Card Services, N.A. | 5,267.60 | 2,903.17 | 622.33 |
| 14 | First National Equipment Financing, Inc. | 10,202.25 | 5,622.83 | 1,205.32 |
| None | First State Bank | 452,368.12 | No dividend | 53,443.84 |
| None | Trustee - Statutory Fee | | 7,557.69 | 7,557.69 |

Additional facts will be discussed below, when necessary.

## II. CONCLUSIONS OF LAW

Federal Rule of Bankruptcy Procedure 3001(a) defines proof of claim as "a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form."[17] "Often, in an effort to ameliorate what is perceived as a harsh result of strict enforcement of a bar date, courts have deemed something other than a proof of claim to be an 'informal proof of claim' which may be amended."[18] An informal claim is some document that was

---

[17] Fed. R. Bankr. P. 3001(a). All future references to the Federal Rules of Bankruptcy Procedure will be designated as "Rule _____".

[18] 9 Collier on Bankruptcy ¶ 3001.05[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). *See also, In re Sunwest Hotel Corp.*, 1998 WL 982905 at *10 (D. Kan.1998) (noting the informal claim doctrine is an equitable principle developed by courts to alleviate the harsh results of strict enforcement of the bar date).

filed with the Court that is not, and was not intended to be, a proof of claim.[19] The doctrine permits a court to treat something other than an actual proof of claim as an "informal" proof of claim that is timely filed, and thereafter, the creditor is allowed to file a "formal" proof of claim that relates back to the date of the original filing.[20] The party seeking to assert an informal proof of claim bears the burden of proof.[21]

The United States Court of Appeals for the Tenth Circuit has utilized the following five-prong test with respect to informal proofs of claim: 1) the proof of claim must be in writing; 2) the writing must contain a demand by the creditor on the debtor's estate; 3) the writing must express an intent to hold the debtor liable for the debt; 4) the proof of claim must be filed with the Bankruptcy Court; and 5) based on the facts of the case, it would be equitable to allow the amendment.[22]

### A. The informal proof of claim doctrine is applicable in Chapter 12 proceedings.

The Trustee argues, as a preliminary matter, that the informal proof of claim doctrine is not applicable in Chapter 12 proceedings. In support of this argument, the Trustee relies primarily upon *In re Drebes*.[23] In *Drebes*, the court denied the debtors' claim that a creditor holding a priority tax debt should receive a distribution from the Chapter 12 Trustee under the informal proof of claim doctrine, notwithstanding the fact that no party ever filed a formal proof of claim on behalf of the creditor. The court held that

---

[19] 9 Collier on Bankruptcy ¶ 3001.05[1].

[20] *Id.*

[21] *In re Smith*, 100 B.R. 289, 293 (Bankr. D.S.C. 1988).

[22] *Clark v. Valley Fed. Savs. & Loan Ass'n (In re Reliance Equities, Inc.)*, 966 F.2d 1338, 1344 (10th Cir.1992).

[23] 182 B.R. 873 (Bankr. D. Kan. 1995).

Unfortunately, Fed. R. Bankr. P. 3002 mandates that proofs of claim "shall" be filed in Chapter 12 cases within 90 days after the first date set for the meeting of creditors, subject to some exceptions not relevant here. While the informal claim doctrine applies in Chapter 11 cases, it does not operate in Chapter 12 cases.[24]

Beyond *Drebes*, there appear to be few cases in the Tenth Circuit that have dealt with the question of whether the informal proof of claim doctrine applies in Chapter 12 proceeding. In *In re Boucek*,[25] Judge Nugent recognized the *Drebes* case, but noted that "the applicability of the doctrine in a Chapter 12 case has not been established in this district."[26] The *Boucek* court did not need to decide the issue of whether an informal proof of claim could be recognized in a Chapter 12 proceeding, however, because the creditor had "wholly failed to satisfy the requirements for an informal claim," even if the court were to have assumed the doctrine was applicable.[27]

The only other case in the Tenth Circuit to address the issue of an informal proof of claim in the Chapter 12 context was the Tenth Circuit Bankruptcy Appellate Panel's decision in *Jones v. Wynn (In re Wynn)*.[28] In *Wynn*, the BAP held that the creditor had not filed any writing that could constitute a timely filed informal proof of claim, and thus affirmed the bankruptcy court's decision denying the claim. The BAP did not directly address the issue of whether informal proofs of claim are allowed in a Chapter 12 proceeding—likely because the issue was not raised on appeal—but its willingness to examine the creditor's claim to see if it qualified as an informal proof of claim does indicate, at least to some degree, the BAP's willingness to apply the doctrine to Chapter 12 cases.

---

[24] *Id.* at 874.

[25] 280 B.R. 533 (Bankr. D. Kan. 2002).

[26] *Id*. at 535.

[27] *Id*.

[28] 2002 WL 127016 (10th Cir. BAP 2002).

7

Other courts have similarly addressed informal proofs of claims in the Chapter 12 context without questioning the doctrine's applicability in Chapter 12 cases.[29]

The Court declines to follow *Drebes*, and instead finds that the informal proof of claim doctrine is applicable in Chapter 12 proceedings. *Drebes* apparently relied exclusively on the Rule 3002 requirement that "proofs of claim 'shall' be filed in Chapter 12 cases within 90 days after the first date set for the meeting of creditors . . . ."[30] Although the Court acknowledges the requirement that a proof of claim be timely filed in a Chapter 12 proceeding, the Court disagrees with *Drebes* that such requirement disqualifies the application of the informal proof of claim doctrine in Chapter 12 proceedings.

The informal proof of claim doctrine does not excuse the requirement that a proof of claim be filed, or eliminate the timeliness requirement set forth in Rule 3002. Instead, the informal proof of claim doctrine lessens the formalities for what might be deemed a proof of claim, even though that proof of claim—in whatever form is found to be sufficient—must be filed by the deadline set in Rule 3002. The Court finds nothing in Rule 3002, or any other provisions of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, that would prohibit the application of the informal proof of claim doctrine in a Chapter 12 proceeding.

---

[29] *See In re Hughes*, 2006 WL 2620438 (Bankr. M.D.N.C. 2006) (noting that a creditor had "filed an informal proof of claim" in denying confirmation of the debtor's Chapter 12 plan); *In re Degiulio*, 2000 WL 35439050 (Bankr. D. Idaho 2000) (finding that creditor could not rely upon documents filed by debtors in their Chapter 12 proceeding to establish an informal proof of claim); *In re Boudinot*, 237 B.R. 413 (Bankr. S.D. Ohio 1999) (finding that creditor in Chapter 12 proceeding had not satisfied requirements for an informal proof of claim); *In re Faust*, 180 B.R. 432 (Bankr. D.S.C. 1994) (denying IRS' assertion that its listing as a secured creditor in debtor's Summary of Chapter 12 Plan qualified as an informal proof of claim); and *In re Novak*, 103 B.R. 403 (Bankr. E.D.N.Y. 1989) (indicating that creditor may have filed an informal proof of claim in Chapter 12 proceeding but that decision on that matter was unnecessary because creditor was entitled to relief from stay whether it filed a claim or not).

[30] *Drebes*, 182 B.R. at 874.

**B. First State Bank has not shown that the informal proof of claim doctrine is applicable in this case.**

Having found that the informal proof of claim doctrine is applicable in Chapter 12 proceedings, the Court now turns to the question whether the FSB has satisfied the requirements for an informal proof of claim in this case. As noted above, in order for FSB to establish that it filed an informal proof of claim, it must show that 1) the proof of claim was in writing; 2) the writing must contain a demand by FSB on Debtors' estate; 3) the writing must express an intent to hold Debtors liable for the debt; 4) the proof of claim must be filed with the Court; and 5) based on the facts of the case, it is equitable to allow the claim.[31] Informal proofs of claim are still subject to the bar date established by Rule 3002; therefore, "[t]he only documents that shall be considered are those filed in this Bankruptcy case *during the claims filing period* and the Court shall not consider activities or allegations made outside the scope of this very narrow time period in order to establish an informal claim."[32]

---

[31] *Reliance Equities, Inc.*, 966 F.2d at 1344.

[32] *In re WPRV-TV, Inc.*, 102 B.R. 234, 238 (Bankr. E.D. Okla. 1989) (emphasis in original). *See also In re Wynn*, 2002 WL 1270176 at *5 (holding that documents filed with the bankruptcy court after the bar date "cannot serve as an informal proof of claim under the *Reliance Equities* test") and *In re Boucek*, 280 BR. at 536 (noting that court is limited to a review of only those actions and pleadings done and filed before the bar date in considering whether a creditor's involvement constituted an informal proof of claim). One of the documents relied upon by FSB is the settlement agreement in the adversary proceeding (Doc. 76, Exhibit 1). However, that document was not filed with the Court until April 9, 2009—more than four months after the bar date. Therefore, it cannot serve as an informal proof of claim in this case to which a formal proof of claim might relate back.

FSB claims that it filed three documents[33] prior to the bar date that satisfy the requirements of an informal proof of claim. Those include a motion for relief from the automatic stay,[34] an objection to Debtors' claimed exemptions,[35] and an adversary complaint objecting to the discharge of a debt owed by Michael Spresser pursuant to § 1228(a)(2) and § 523(a)(2)(B).[36]

### 1. First State Bank's objection to Debtors' claimed exemptions does not qualify as an informal proof of claim.

FSB first cites to its objection to Debtors' claimed exemptions in support of its argument that it filed an informal proof of claim. The objection to exemptions does meet some of the requirements for a proof of claim. It is in writing, and it was filed with the Court before the bar date. Beyond that, however, the objection to exemptions in no way complies with the requirements for an informal proof of claim. The objection does not even indicate that FSB has a claim against Debtors, let alone state the amount of any such claim. It certainly does not make a demand against the estate or indicate an intent to hold Debtors liable for any debt.

Instead, the objection to exemptions dealt solely with the values assigned by Debtors to certain pieces of property that Debtors claim as exempt. It claims the property is actually worth more than the statutory allowance for tools of the trade in Kansas.

---

[33] The Court notes FSB also filed a Notice of Appearance and Request for Notice (Doc. 15), an agreed Motion to Enlarge Time to file an objection to dischargeability (Doc. 51), an Objection to Debtors' Motion to Avoid Liens (Doc. 55), and an Objection to Chapter 12 Plan (Doc. 56), all before the bar date. But the bank but does not contend that any of these documents constitute an informal proof of claim. FSB also cites to a settlement agreement between the parties resolving the adversary case in support of its argument that it filed an informal proof of claim. (Doc. 76) However, that agreement was not filed with the Court until April 9, 2009—well after the expiration of the bar date.

[34] Doc. 36.

[35] Doc. 37.

[36] Doc. 60.

10

### 2. First State Bank's Motion for Relief from Stay does not qualify as an informal proof of claim.

The Court also finds that the FSB's Motion for Relief from Stay does not qualify as an informal proof of claim. Unlike the objection to exemptions, the stay relief motion does in fact indicate that Debtors owe a debt to FSB, and that the amount of that debt was $551,477.20 on the date Debtors filed their bankruptcy petition. In addition, the motion was submitted to the Court, in writing, prior to the bar date. However, there is simply nothing in the stay relief motion that can be construed as a demand against Debtors' bankruptcy estate, or an indication that FSB intends to hold Debtors liable on the debt.

FSB's Motion for Relief from Stay contains eight numbered paragraphs. The first paragraph details the various promissory notes executed by Debtors in favor of FSB on December 10, 2007. The second paragraph details the current principal balance and accrued interest of each of those notes as of the date of filing of the petition. The third paragraph outlines the property interests in which Debtors granted FSB a security interest in order to secure the loans outlined in the first paragraph. The fourth paragraph details the steps taken by FSB to perfect its security interest in Debtors' property. The fifth paragraph simply identifies the date on which Debtors filed their bankruptcy petition. The sixth paragraph discusses the fact that FSB is not adequately protected, that Debtors have no equity in the personal property subject to the stay relief motion, and that the property is not necessary to an effective reorganization. The seventh paragraph simply states that FSB "will suffer irreparable injury, loss or damage if it is not granted relief from the automatic stay so that it may continue with foreclosure of its real estate mortgages and security interests in order to recover the value of the collateral." The eighth numbered paragraph discusses the time requirements for conducting a hearing on a motion to modify the stay. In its prayer for relief, FSB

"moves the Court for the issuance of an Order Modifying the Automatic Stay to permit FSB, and any other creditor claiming a lien in any of the collateral described herein, to proceed with sale of the personal property; and that FSB have such other relief as the Court deems just and proper."

At no point in that motion does FSB make a demand for payment of its claim against Debtors' estate, or indicate that it intends to hold Debtors liable on the debt in question. A stay relief motion, by its very nature, would typically not make such claims.[37] The purpose of the stay relief motion was to seek permission to pursue remedies outside the bankruptcy context in hopes of collecting some, or all, of FSB's claim against Debtors. The motion for relief from stay was not a demand against Debtors' bankruptcy estate—it was an effort to satisfy at least a portion of FSB's claim outside the bankruptcy process.[38] Similarly, the motion for relief from stay does not indicate an intention to hold Debtors liable for the debt—it seeks permission to foreclose on Debtors' property to help satisfy the debt without ever indicating that Debtors would remain liable on any remaining balance after the property was sold.

Nothing in the motion for relief from stay leads the Court to conclude that FSB intended to assert a claim against the bankruptcy estate for any unsecured portion of its claim against Debtors, or that it intended to hold Debtors liable for the debt. Therefore, the Court concludes that the Motion for Relief from Stay does not constitute an informal proof of claim to which an untimely proof of claim could relate back.

---

[37] *See In re Roberts*, 367 B.R. 677, 682 (Bankr. D. Colo. 2007) (stating that "[u]nder the *Reliance Equities* standard, there may be circumstances where a motion for relief from stay could constitute an informal proof of claim, but those circumstance[s] would be rare indeed.").

[38] The Court recognizes that some courts have held that the intent to hold the estate liable may be implicit. *See, e.g. Sun Basin Lumber Co. v. United States*, 432 F.2d 48 (9th Cir. 1970) and *County of Napa v. Franciscan Vineyards, Inc. (In re Franciscan Vineyards, Inc.)*, 597 F.2d 181 (9th Cir. 1979). However, as was noted in *In re Mitchell*, 82 B.R. 583, 586 (Bankr. W.D. Okla. 1988), "no such implication is found here. . . . The motion . . . for relief from the automatic stay does not indicate an intent to seek any distribution from the estate."

Case 08-41067    Doc# 125    Filed 05/19/11    Page 12 of 18

### 3. The complaint in the adversary proceeding does not constitute an informal proof of claim.

The final document FSB contends could act as an informal proof of claim is the adversary complaint it filed seeking to except the debt owed to it from Michael Spresser's discharge pursuant to § 1228(a)(2) and § 523(a)(2)(B). As with the objection to exemptions and the stay relief motion, the adversary complaint was submitted to the Court in writing. In addition, the adversary complaint clearly indicates an intent to hold Debtor, Michael Spresser, liable on the debt.[39] Clearly, the only reason for filing a dischargeability complaint in a bankruptcy proceeding is if the creditor intends to seek repayment of the debt directly from a debtor.

The Court finds, however, that as with the motion for relief from stay, the complaint in the adversary proceeding does not in any manner make a claim upon the bankruptcy estate. The complaint seeks "an order denying Debtor Michael John Spresser any discharge of his indebtedness to FSB; and that the Court award such other and further relief as it deems just and equitable." FSB, through the complaint, clearly intends to try to collect on this debt from Michael Spresser, but at no point does it request a distribution from the bankruptcy estate or make any demand on the bankruptcy estate. It is entirely silent on that issue. Therefore, the Court finds that the adversary complaint does not satisfy the requirements for an informal proof of claim.

### 4. Even if the above documents did meet the first four requirements for an informal proof of claim, the Court finds it would be inequitable to allow an informal proof of claim to be filed by First State Bank.

---

[39] The adversary proceeding was filed against Michael Spresser only, not against his wife and co-debtor, Linda Spresser. The fact that the document shows an intent to hold only one debtor liable on the debt could create a problem when the underlying debt which the creditor seeks to bring into the bankruptcy proceeding through an informal proof of claim seeks a distribution from a joint bankruptcy estate. However, because the Court ultimately finds that the adversary complaint does not constitute an informal proof of claim in this case for other reasons, it does not need to address the difficult issue created by only naming one of two debtors as a defendant in an adversary proceeding.

13

Although the Court finds that none of the documents filed by FSB prior to the bar date satisfy the first four requirements for an informal proof of claim, the Court will also briefly address why it would be inequitable to allow the informal proof of claim in this case even if the other requirements had been met. One of the equitable considerations the Court should consider when analyzing an informal proof of claim is whether the creditor had sufficient opportunities to protect itself, but failed to do so.[40]

FSB admits it received a copy of the Notice of Chapter 12 Bankruptcy Case, Meeting of Creditors, & Deadlines[41] issued by this Court on August 1, 2008. That notice clearly set forth the bar date for filing claims, indicating any proofs of claims for non-governmental entities must be filed no later than November 24, 2008. FSB then hired bankruptcy counsel and became actively involved in the bankruptcy proceeding, beginning with that counsel's Entry of Appearance and Request for Notice[42] filed on August 18, 2008. Between its entry of appearance and the bar date, FSB objected to Debtors' claimed exemptions, objected to Debtors' Chapter 12 plan, filed a motion for relief from stay, defended a motion to strip its lien in Debtors' exempt property, and filed an adversary proceeding objecting to the discharge of its claim against one of the Debtors. FSB's own brief in this matter suggests that a proof of claim could have been filed as late as June 6, 2009, which is 30 days after the order approving the settlement in the adversary proceeding, pursuant to Rule 3002(c)(3).

---

[40] *See Reliance Equities*, 966 F.2d at 1345 (holding that "the equities do not favor protecting a financial organization that had numerous opportunities to protect itself."); *In re Turner*, 2003 WL 23838107 at *3 (Bankr. D. Kan. 2003) (holding that "equity does not favor [a creditor] where it had numerous opportunities to protect itself.); and *PCFS Financial v. Spragin (In re Nowak)*, 586 F.3d 450, 456 (6th Cir. 2009) (quoting *Reliance Equities* for the proposition that "the equities do not favor protecting a financial organization that had numerous opportunities to protect itself.").

[41] Doc. 6.

[42] Doc. 15.

14

In addition, the Trustee filed a Notice to Secured Creditors of Trustee's Intent to Disburse Funds to Allowed Unsecured Claims[43] on December 14, 2010. That notice gave all secured creditors twenty-one days to file an amended proof of claim to reflect any deficiency that might exist on their claims after liquidation of collateral. Although FSB claims it had filed documents qualifying as a proof of claim prior to the bar date, it did not file any amendment to its "proof of claim" after receiving this notice to formalize any deficiency it claims it was owed as an undersecured creditor. As previously noted, FSB simply never filed a formal proof of claim in this case.

FSB was actively involved in this bankruptcy, sought to protect its interest in various ways, and admittedly had clear notice of the bar date from the official notice issued by the Court. The Court finds that the equities in this case do not tip in favor of FSB when it was represented by legal counsel at all times, yet simply failed to follow the statutory requirements for filing a proof of claim.

Another factor that weighs heavily against FSB when balancing equities is the effect the allowance of its claim would have on the other unsecured creditors—each of whom fully complied with the requirements for filing a proof of claim.[44] Without factoring the unsecured claim of FSB, each unsecured creditor is currently projected to receive a 55% dividend on its claim. If FSB's unsecured claim—which is more than three and one-half times the amount of all the other unsecured claims combined—is allowed, the dividend to each unsecured creditor shrinks to less than 12%.

---

[43] Doc. 110.

[44] *See In re Nowak*, 586 F.3d at 458-59 (recognizing that a large dilution of other unsecured creditors' claims is a factor to be considered when deciding whether it is equitable to allow an informal proof of claim); *In re Outboard Marine Corp.*, 386 F.3d 824, 829 (7th Cir. 2004) (recognizing the effect "on the payout to creditors with timely-filed claims" as an equitable factor in determining whether to allow an informal proof of claim); *In re Turner*, 2003 WL 23838107 at *4 (Bankr. D. Kan. 2003) (holding that the reduction of the unsecured dividend form approximately 60% to less than 7% weighed against the creditor in determining whether it was equitable to allow an informal proof of claim); and *In re Wigoda*, 234 B.R. 413, 417 (Bankr. N.D. Ill 1999) (holding that the reduction of a dividend from 33% to "a fraction" of that percentage was prejudicial to other unsecured creditors and could not be allowed).

15

Accordingly, to reach a result where FSB would be collecting a mere 12% of its unsecured claim, the Court would require the unsecured creditors who timely followed the requirements for filing a proof of claim to sacrifice payment of over 33% of their claims. The Court finds this would not be equitable.

In support of its assertion that the Court should recognize an informal proof of claim, FSB raises two equitable arguments. First, it notes that its claim is not contested and has been acknowledged in pleadings throughout this case. Second, FSB claims that it was the fault of its attorney that a formal proof of claim was never filed, and that the Court should not hold that failure against FSB.

With regard to the first argument, the Court agrees that this factor does weigh in favor of FSB. This claim is not a surprise to Debtors, the Trustee, or perhaps any creditor, and had the proof of claim been timely filed, there is little question it would have been allowed.[45] The Court places no value, however, in FSB's second argument. FSB is bound by the actions of the attorneys it hires to represent it before the Court.[46] Any failure by FSB's attorneys to properly protect the bank's interests is an issue to be resolved between those parties; it is not an equitable consideration this Court can properly entertain.

---

[45] Although this equitable argument, in a vacuum, may have some appeal, the Court also recognizes that the Tenth Circuit BAP has sated that the mere fact the debtor was aware of the claim against her does not lead to the allowance of an informal proof of claim. *See In re Wynn*, 2002 WL 1270176 at * 4 (holding that fact debtor was aware they had a claim against her is "without merit because the Tenth Circuit expressly stated in *Reliance Equities* that a Chapter 7 trustee's 'knowledge of a claim does not constitute an adequate informal claim.. . .)'"

[46] *See Security Nat'l Bank v. John Deere Co.*, 927 F.2d 519, 520 (10th Cir. 1991) (stating "it is a fundamental principle of our representational legal system . . . that a party acts through chosen counsel, whose carelessness or ignorance, therefore, generally does not constitute grounds for relief for his client."). *See also Eastman v. Union Pac. R. Co.*, 493 F.3d 1151 (10th Cir. 2007) (citing *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006), for the proposition that "a client is bound by the acts of her attorney" and has alternative remedies if the advice was not sound).

16

Balancing the equities in this case, the Court finds that, even if FSB had filed a pleading that would otherwise qualify as an informal proof of claim, it would not be equitable to treat that document as a proof of claim in this case. As noted by the Sixth Circuit Court of Appeals in *In re Nowak*:

> This is not a case in which an unsophisticated lender complied with the substance of the bankruptcy rules but unknowingly failed to file the appropriate form. Rather, the lender in this case, a financial institution represented by counsel from the beginning of the bankruptcy proceedings, failed to timely file a proof of claim despite repeated opportunities to do so.[47]

In addition, the Court cannot overlook the drastic reduction in the dividend available to those creditors who complied with the law were the Court to allow FSB's "claim." Accordingly, FSB's assertion that its claim was essentially known throughout these proceedings is insufficient to tip the scales of equity in its favor.

### III. CONCLUSION

The Court finds that FSB's assertion that it is entitled to have its claim allowed under the informal proof of claim doctrine should be denied, as it has not met its burden of proof. Although the Court holds that the informal proof of claim doctrine is available to creditors in a Chapter 12 proceeding, nothing filed by FSB prior to the bar date for filing claims satisfies the requirements for an informal proof of claim. In addition, even if the other requirements for the allowance of an informal proof of claim had been met, the Court finds it would be inequitable, under the facts of this case, to allow the informal proof of claim. Therefore, FSB's Objection to Trustee's Motion to Disburse Unsecured Funds is overruled, and the Trustee's Motion to Disburse Unsecured Funds is granted.

---

[47] 586 F.3d at 459.

**IT IS, THEREFORE, BY THE COURT ORDERED** that the Motion to Disburse Unsecured Funds[48] is granted. The Trustee is authorized to disburse funds as set forth in the motion filed on January 27, 2011, which provides for no payments to First State Bank.

###

---

[48] Doc. 111.